UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KRISTINA E. HERBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00025-LEW |
| | ) | |
| CHCS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and a motion to proceed without prepayment of fees and

costs, which motion the Court granted. (Complaint, ECF No. 1; Motion, ECF No. 2; Order,

ECF No. 4.)  In accordance with the statute governing matters in which a plaintiff proceeds

without the prepayment of fees, a preliminary review of Plaintiff's complaint is

appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the

matter.

**DISCUSSION**

28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for

those persons unable to pay the costs of bringing an action.  When a party is proceeding

pursuant to the statute, however, "the court shall dismiss the case at any time if the court

determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim

on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915]

are often made sua sponte prior to the issuance of process, so as to spare prospective

defendants the inconvenience and expense of answering such complaints." *Neitzke v.*

*Williams*, 490 U.S. 319, 324 (1989).

A complaint fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[A] finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,

whether or not there are judicially noticeable facts available to contradict them." *Denton*

*v. Hernandez*, 504 U.S. 25, 33 (1992); *Golden v. Coleman*, 429 Fed. App'x 73, 74 (3rd Cir.

2011) (dismissing complaint because the allegations were "fantastic, delusional, and

simply unbelievable.")

A review of Plaintiff's complaint fails to reveal facts that would support an

actionable claim.   Plaintiff's allegations can reasonably be viewed as the type that warrant

dismissal under the Supreme Court's analysis in *Denton*. Accordingly, dismissal of

Plaintiff's complaint is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to

28 U.S.C. § 1915, I recommend the Court dismiss the matter.

On April 25, 2022, in *Herbert v. Meghar*, 1:21-cv-00346-LEW, the Court informed

Plaintiff  that filing restrictions "may be in the offing" if she were to commence further

"groundless litigation." (Order at 1, ECF No. 7) (quoting *Cok v. Family Court of Rhode*

*Island*, 985 F.2d 32, 35 (1st Cir.1993)).  On January 26, 2024, in *Herbert v. Uniship Banking*, 1:23-cv-00418-LEW, the Court "cautioned [Plaintiff] that the filing of a third groundless action in this Court will result in a filing restriction."  (Order at 1, ECF No. 7.) Given the Court's prior warnings and given that Plaintiff's complaint is baseless, I recommend the Court impose filing restrictions on Plaintiff.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of January, 2025.